UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CARL SHELTON and<br>2) ELANNA SHELTON,<br><br>        Plaintiffs,<br><br>vs.<br><br>1) HARTFORD UNDERWRITERS<br>    INSURANCE COMPANY and<br>2) MARK ANDREW FUNK,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 14-cv-00478-JHP<br><br>Removed from Choctaw County,<br>Case No. CJ-2014-23<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Hartford Underwriters Insurance Company (Hartford) hereby removes this action from the District Court of Choctaw County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1441, *et seq*.

**I.     Hartford has satisfied the procedural requirements for removal.**

1. On May 20, 2014, Plaintiff Carl Shelton (Plaintiff) filed his Petition (hereinafter referred to as "Complaint") in the District Court of Choctaw County, Oklahoma, captioned *Carl Shelton and Elanna Shelton*, Case No. CJ-2014-23.

2. The summons and Complaint were served on Hartford through the Oklahoma Insurance Commissioner on October 14, 2014.  No other pleadings, process, or orders have been served on Hartford.  A copy of the Complaint, summons, and documents filed in the case are attached hereto as Exhibit 1.  A copy of the state-court docket sheet is attached as Exhibit 2, pursuant to LCvR 81.2.  Hartford is not aware of any other pleadings, process, or orders filed or served in the case.  Defendant Mark Andrew Funk has not been served.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

4. Mr. Funk consents to this removal. *See* Affidavit of Mark Andrew Funk (Ex. 3).

## II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

5. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the action may be removed to this Court by Hartford pursuant to 28 U.S.C. § 1441(a).

### A. Complete diversity of citizenship exists between Plaintiff and Defendants.

6. Plaintiff Carl Shelton resides in the State of Oklahoma, and upon information and belief, intends to remain in Oklahoma. *See* Complaint at ¶ 1 (Ex. 1). Thus, he is domiciled in the State of Oklahoma and is a citizen of the State of Oklahoma for purposes of diversity jurisdiction. Elanna Shelton died in 2007, prior to the events underlying Plaintiff's Complaint, which according to Plaintiff's Complaint, occurred in 2013. *Id.* at ¶ 11. Accordingly, Mrs. Shelton is not an appropriate party, and her citizenship need not be considered. In any event, it appears Elanna Shelton was a citizen of the State of Oklahoma at the time of her death. *See* Complaint at ¶ 1 (Ex. 1).

7. Hartford is a corporation organized under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. Thus, it is a citizen of Connecticut for purposes of diversity jurisdiction.

8. Mr. Funk is a citizen of the State of Missouri. *See* Affidavit of Mark Andrew Funk (Ex. 3).

**B. The amount in controversy is satisfied.**

9. Plaintiff has failed to comply with the Oklahoma Pleading Code, which requires that a pleading demanding relief for damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction," except in actions sounding in contract, and that pleadings demanding relief less than the amount required for diversity jurisdiction "shall specify the amount of such damages sought to be recovered." OKLA. STAT. tit. 12, § 2008(A)(2).[1]

10. A "plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *Id.*

11. Here, Plaintiff has not disclaimed damages exceeding $75,000 in his Complaint. In a demand letter sent by their attorney, Plaintiff has demanded the sum of $53,545.53. *See* Lt. from P. Sanov to S. Lock, Sept. 30, 2014 (Ex. 3).

12. Further, Plaintiff seeks attorney fees, punitive damages, and damages for emotional distress and mental pain and suffering. *See* Complaint at ¶¶ 22, 31, 40, 70, 85, Prayer for Relief (Ex. 1).

---

[1] While this provision was originally included in the Comprehensive Lawsuit Reform Act of 2009 (CLRA), which was held unconstitutional due to "logrolling" in *Douglas v. Cox Retirement Properties, Inc.*, 302 P.3d 789 (Okla. 2013), this statute was subsequently amended in 2013 by a single-subject bill and this provision was cured by the amendment. *See In Re Application of Oklahoma Development Finance Authority*, 312 P.3d 926 (Okla. 2013); HB 1011, 54th Leg., 1st Spec. Sess. (Okla. 2013). The amendatory bill specifically stated that the provision conforms the statute to the holding in *Douglas*. HB 1011, § 6.

3

13. Attorney fees may be included in the amount in controversy where they are authorized by state law. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Plaintiff has asserted a claim under the Oklahoma Consumer Protection Act, for which attorney fees are recoverable under O<small>KLA</small>. S<small>TAT</small>. tit. 15, § 761.1(A).

14. A reasonable attorney fee award would certainly cause the amount in controversy to exceed $75,000.

15. Further, under Oklahoma law, punitive damages may reach up to $100,000 even at the lowest level of culpability. O<small>KLA</small>. S<small>TAT</small>. tit. 23, § 9.1(B). Punitive damages sought by Plaintiff may be included in the amount in controversy. *See Burrell v. Burrell*, 229 F.3d 1162 (10th Cir. 2000).

16. Once the underlying jurisdictional facts are established, a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. *McPhail*, 529 F.3d at 954.

17. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Eastern District of Oklahoma because this District includes Choctaw County, Oklahoma, where this action is pending. *See* 28 U.S.C. § 116(b).

19. Pursuant to 28 U.S.C. § 1446(d), Hartford certifies that it will promptly give written notice of the filing of this Notice of Removal to all known counsel of record, and will likewise file a copy of this Notice of Removal with the District Court of Choctaw County, Oklahoma.

20. By filing this Notice of Removal, Hartford does not waive any defense that may be available to it, and any defenses related to proper service of the complaint.

WHEREFORE, Hartford hereby removes this matter from the District Court of Choctaw County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

Dated:   November 3, 2014.

/s/Jessica L. Dickerson
William S. Leach, OBA# 14892
Jessica L. Dickerson, OBA# 21500
McAFEE & TAFT
1717 S. Boulder, Suite 900
Tulsa, OK 74119
(918) 587-0000
(918) 599-9317 – Fax

*Attorneys for Defendant Hartford Underwriters Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2014, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served via the CM/ECF e-file system upon the following:

J. Drew Houghton
Foshee & Yaffe
PO Box 890420
Oklahoma City, OK 73189

And regular mail to:

Merlin Law Group
Larry Bache
777 S Harbour Blvd., 9th Floor
Tampa, FL  33602

Merlin Law Group
Phillip S. Sanov
Three Riverway, Suite 701
Houston, TX 77056

/s/Jessica L. Dickerson

5