CT Corporation

**Service of Process Transmittal**
10/15/2014
CT Log Number 525880163

TO: Michael Johnson, Legal Assistant
The Hartford
One Hartford Plaza, HO-1-09
Hartford, CT 06155

RE: **Process Served in Oklahoma**

FOR: Hartford Underwriters Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Carland Elanna Shelton, Pltf. vs. Hartford Underwriters Insurance Company and Mark Andrew Funk, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Alias Summons, Return, Petition |
| **COURT/AGENCY:** | Choctaw County District Court, OK<br>Case # CJ1423 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for Policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Oklahoma City, OK |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/15/2014 postmarked on 10/14/2014 |
| **JURISDICTION SERVED :** | Oklahoma |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | J. Drew Houghton<br>Foshee & Yaffe<br>P.O. Box 890420<br>Oklahoma, OK 73189<br>405-232-8080 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/15/2014, Expected Purge Date: 10/20/2014<br>Image SOP<br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br>Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 1833 South Morgan Road<br>Oklahoma City, OK 73128 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of 1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


**EXHIBIT**

1



CERTIFIED MAIL™

7014 0150 0001 9588 4948

neopost™
10/14/2014
US POSTAGE

FIRST-CLASS MAIL

$007.61°

ZIP 73112
041L12203132

The Corporation Company
1833 South Morgan Road
Oklahoma City, OK 73128



**Insurance Commissioner**
Oklahoma Insurance Department
5 Corporate Plaza
3625 N.W. 56th St., Ste. #100
Oklahoma City, OK 73112-4511



## INSURANCE COMMISSIONER
### State of Oklahoma

October   14, 2014

HARTFORD UNDERWRITERS INSURANCE
COMPANY
One Hartford Plaza
Hartford      CT  06155


RE:  CJ1423
     In the District Court in CHOCTAW
     State of Oklahoma
     CARL AND ELANNA SHELTON
                vs
     HARTFORD UNDERWRITERS INSURANCE
     COMPANY

Dear Sir or Madam:

Enclosed is a copy of the above captioned summons
served on the Insurance Commissioner as designated agent
for service of process of foreign insurance companies doing
business in the State of Oklahoma (36 O.S. section 621(B)).

Sincerely,

JOHN DOAK
Insurance Commissioner



Maria Torres              Legal Department


                          dp/enclosure




                          THE CORPORATION COMPANY
                          1833 SOUTH MORGAN ROAD
                          OKLAHOMA CITY    OK  73128

3786

## IN THE DISTRICT COURT OF CHOCTAW COUNTY
### STATE OF OKLAHOMA

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT
OCT 14 2014
Legal Division

CARL AND ELANNA SHELTON,                    )
                                            )
                    Plaintiffs,             )
                                            )
versus                                      )        Case No. CJ-14-23
                                            )
HARTFORD UNDERWRITERS INSURANCE             )
COMPANY, and MARK ANDREW FUNK,              )
                                            )
                    Defendants.             )

### ALIAS SUMMONS

To the above-named Defendant:        Hartford Underwriters Insurance Company
                                     c/o Oklahoma Insurance Department
                                     5 Corporate Plaza
                                     3625 N.W. 56TH Street, Suite 100
                                     Oklahoma City, OK 73112

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff(s).

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 29th day of September, 20 14.

COURT CLERK,

Deputy Court Clerk

(Seal)

Attorneys for Plaintiff(s):

Name:       J. Drew Houghton, OBA #18080
Address:    P.O. Box 890420
            Oklahoma City, OK  73189
Telephone:  (405) 632-6668

Name:       Larry Bache, Esq., FBN: 91304
Address:    Merlin Law Group
            777 S. Harbour Blvd, 9th Floor
            Tampa, FL 33602
Telephone:  (813) 229-1000

Name:       Phillip N. Sanov, Esq., TBN: 17635959
Address:    Merlin Law Group
            Three Riverway, Suite 701
            Houston, Texas 77056
Telephone:  (713) 626-8880

This Summons was served/mailed on ___10/8/14 *Jack Bevis*___

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED
WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED
IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT
STATED IN THE SUMMONS.

## RETURN OF SERVICE BY SHERIFF (PERSONAL SERVICE)

I certify that I received the foregoing Summons on the _____day of _____, 2014, and that I delivered a copy of said Summons with a copy of the Petition to each of the following named Defendant(s) personally in _____County at the address and on the date set forth opposite each name, to-wit:

NAME OF DEFENDANT                 ADDRESS                 DATE OF SERVICE

_____        _____        _____

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on this _____day of _____, 2014. I served _____by leaving a copy of said Summons with a copy of the Petition attached at _____ which is his/her usual place of residence with_____, a member of his/her family fifteen (15) years of age or older.

### CORPORATION RETURN

Received this Summons this _____day of_____, 2014, and as commanded therein, I Summoned the within_____ named Defendant, as follows, to-wit:_____, a corporation, on the _____day of_____, 20__, by delivering a true and correct copy of the Petition to_____, being the _____of said Corporation, and the_____, President, Vice-President, Secretary, Treasurer or other chief officer not being found in said County.

### NOT FOUND

Received this Summons this _____day of_____, 2014, I certify that the following persons of the Defendant _____within named not found in County:_____.

### FEES

Fee for service $_____. Mileage_____. Total_____. Dated this _____day of_____, 20____.

_____, Sheriff

By:_____, Deputy

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing Summons with a copy of the Petition attached to the following named Defendant(s) at the addresses shown by certified mail, addressee only, return receipt requested on this_____ day of_____, 2014, and receipt thereof on the date shown.

DEFENDANT                 ADDRESS WHERE SERVED                 DATE RECEIPTED

_____        _____        _____

FILED
IN DISTRICT COURT
CHOCTAW COUNTY OK

MAY 2 0 2014

Laura Sumner, Court Clerk

By _____

Deputy

### IN THE DISTRICT COURT OF CHOCTAW COUNTY
### STATE OF OKLAHOMA

CARL AND ELANNA SHELTON,                )
                                        )
         Plaintiffs,                    )
                                        )
*versus*                                )       Case No. CJ-14-23
                                        )
HARTFORD UNDERWRITERS INSURANCE )
COMPANY, and MARK ANDREW FUNK,          )
                                        )
         Defendants.                    )

### PETITION

**COME NOW** the Plaintiffs, CARL AND ELANNA SHELTON (hereinafter "Plaintiffs"), and for their causes of action against Defendants, HARTFORD UNDERWRITERS INSURANCE COMPANY, (hereinafter collectively referred to as "HARTFORD"), and MARK ANDREW FUNK (hereinafter "FUNK") hereby states as follows:

### STATEMENT OF FACTS

1.    Plaintiffs are residents of Choctaw, Choctaw County, Oklahoma. Plaintiffs have an insurable interest in the property located at 13727 Hummingbird Dr., Choctaw, Oklahoma 73020.

2.    Defendant, HARTFORD, is a corporation incorporated under the laws of the State of Connecticut, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

3.    Defendant, HARTFORD, is an insurance agency incorporated under the laws of the State of Oklahoma, having its principal place of business in Oklahoma.

4.    Defendant, FUNK, upon information and belief, is a resident of Oklahoma and is

1

licensed as an insurance adjuster in the state of Oklahoma. FUNK'S adjuster license number in the State of Oklahoma is #0100157612. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiffs' claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5.    Plaintiffs entered into a contract for insurance with Defendant, HARTFORD to provide coverage for their property and its contents. Plaintiffs' insured property is located in Oklahoma County, Oklahoma.

6.    Plaintiffs purchased the policy of insurance through the offices of Defendant, HARTFORD. At the time Plaintiffs purchased the policy of insurance with Defendant HARTFORD, the Defendant HARTFORD was an agent and/or an ostensible agent of Defendant HARTFORD.

7.    Defendant, HARTFORD, was familiar with Plaintiffs and has served as Plaintiffs' primary insurance agent for his insurance needs. Defendant, HARTFORD, advised Plaintiffs of the need to maintain replacement cost coverage on the property.

8.    Plaintiffs relied on Defendant, HARTFORD's representations and purchased the same. Plaintiffs trusted and believed Defendant, HARTFORD had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested.

9.    Thereafter Defendant, HARTFORD, issued the Homeowners policy of insurance, Policy 55 RB 734997, to the Plaintiffs.

10.   Defendant, HARTFORD, represented to the Plaintiffs, directly and through their

2

agent, Defendant, HARTFORD, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiffs relied on said representations.

11. On or about May 20, 2013, the property insured by Plaintiffs under the subject insurance policy was severely damaged as a direct result of a wind/hailstorm.

12. Plaintiffs timely and properly submitted a claim to Defendant, HARTFORD, for the property damage incurred due to the wind/hailstorm.

13. Defendant, HARTFORD confirmed that the cause of Plaintiffs' property damage claim was due to wind/hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, HARTFORD. Defendant, HARTFORD assigned a claim number of PP0011397913_330176692.

## STATUTORY AUTHORITY

14. This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15. Plaintiffs adopt and incorporate by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant, HARTFORD, alleges as follows:

16. Plaintiffs entered into a contract for insurance with Defendant, HARTFORD, to provide coverage for the dwelling and personal property.

17. At all times material hereto, the policy of insurance, Policy No. 55 RB 734997, was in full force and effect.

3

18. Plaintiffs provided timely and proper notice of thier claim of property damage resultant from the May 20, 2013 wind/hailstorm.

19. Plaintiffs have complied with the terms and conditions and all conditions precedent under the policy of insurance.

20. This notwithstanding, the Defendant, HARTFORD, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits owed.

21. As a result of the Defendant, HARTFORD's breach of contract the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees. costs. and all interest allowed by law.

22. The conduct of Defendant, HARTFORD, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SECOND CAUSE OF ACTION
### BAD FAITH

23. Plaintiffs adopt and incorporate by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendants, HARTFORD, and FUNK, (sometimes referred to hereafter as the "DEFENDANTS"). alleges as follows:

24. Defendants, HARTFORD, and FUNK, owed a duty to Plaintiffs to deal fairly and act in good faith.

25. Defendants, HARTFORD, and FUNK, breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

a. Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the May 20, 2013 wind/hailstorm in accordance with the terms and conditions of the insurance policy.

b. Failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of the insurance policy

c. Reducing the fair amount of Plaintiffs' claims unfairly and without a valid basis.

d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiffs under the terms and conditions of the insurance policy.

e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim.

f. Forcing Plaintiffs to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

g. Failing to conduct a fair and objective investigation of the damage to Plaintiffs' property.

h. Intentionally engaging in an outcome oriented investigation.

i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated insureds as a cost-saving mechanism.

26. Defendants, HARTFORD'S and FUNK'S obligations to the Plaintiffs arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

5

27. Defendants, HARTFORD'S and FUNK'S failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28. Defendants, HARTFORD'S and FUNK'S conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

29. As a direct and proximate result of Defendants, HARTFORD'S and FUNK'S unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid.   Said actions resulted in additional profits and a financial windfall to Defendant, HARTFORD.

30. As a result of the Defendants, HARTFORD'S and FUNK'S conduct the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31. The conduct of Defendants, HARTFORD, and FUNK was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

32. Plaintiffs further alleges Defendant, HARTFORD enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## THIRD CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

33. Plaintiffs adopt and incorporate by reference paragraphs 1 through 32 above as if fully plead herein, and for further claims against the Defendants alleges as

6

follows:

34. Due to the unequal bargaining power between Plaintiffs and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiffs were most vulnerable, a special relationship akin to that of a fiduciary duty exists between Plaintiffs and Defendants.

35. As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insureds.

36. A fiduciary duty existed between Plaintiffs and Defendant, HARTFORD.  The overwhelming influence of Defendant, HARTFORD over Plaintiffs, and Plaintiffs' dependency and trust in their insurance agent, and Defendant, HARTFORD's assurance it could procure the insurance policy Plaintiffs requested creates a fiduciary status.

37. Given the specialized knowledge the Defendant, HARTFORD, possessed with regard to the terms and conditions of the insurance policy, the Defendant, HARTFORD'S duty to act reasonably created such a special relationship so as to make the Defendant, HARTFORD, a fiduciary.

38. The Defendants breached their fiduciary duties owed to the Plaintiffs.

39. As a result of Defendants' breach of fiduciary duties, Plaintiffs sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

40. The conduct of Defendants was intentional, willful, malicious, and in reckless

disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
### NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

41.  Plaintiffs adopt and incorporate by reference paragraphs 1 through 40 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

42.  Defendant, HARTFORD, was familiar with Plaintiffs and had been hired as Plaintiffs' primary insurance agent for the property insurance needs.  In this capacity, Defendant, HARTFORD, advised Plaintiffs of the need to purchase and maintain the more expensive replacement cost coverage so that its business dwelling and personal property would be replaced in the event of damage or destruction to their property by a covered loss.

43.  Plaintiffs relied upon Defendant, HARTFORD's representations and annually purchased the suggested coverage by paying a higher premium each year.

44.  Defendant, HARTFORD, procured the subject replacement cost policy for Plaintiffs.

45.  At all times relevant hereto, the Defendant, HARTFORD, was an agent and/or an ostensible agent of Defendant, HARTFORD.

46.  Defendant, HARTFORD, owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiffs, and in the notification of insurance coverage options to the Plaintiffs.

47.  Defendant, HARTFORD, had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

8

48.   Defendant, HARTFORD, breached its duty owed to Plaintiffs and is liable to the Plaintiffs because the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

49.   Defendant HARTFORD breached its duty owed to Plaintiffs by:

a.   Procuring an insurance policy that did not serve to actually replace its property and personal property when it was damaged or destroyed by a covered loss.

b.   Procuring an insurance policy that did not accurately reflect the replacement cost of Plaintiffs' dwelling.

c.   Failing to inform Plaintiffs of the limitations of the insurance policy procured for Plaintiffs.

50.   Defendant, HARTFORD, was negligent and breached its duty owed to Plaintiffs by failing to review the policy procured for Plaintiffs to ensure it provided appropriate and adequate coverage.

51.   Plaintiffs reasonably believed the insurance policy procured and mainained by Defendant, HARTFORD, was in conformity to their agreement with Defendant, HARTFORD.

52.   Plaintiffs relied upon Defendant, HARTFORD, to procure and maintain appropriate and adequate coverage.

53.   Defendant, HARTFORD knew or should have known Plaintiffs relied upon it to procure appropriate and adequate coverage, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiffs could unnecessarily expose Plaintiffs to significant harm, losses and damages.

54.   The Defendant, HARTFORD was an agent and/or an ostensible agent of

9

Defendant, HARTFORD, and Defendant, HARTFORD is vicariously liable for the conduct of Defendant, HARTFORD.

55.   As a result of Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

56.   The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs. and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD AND
## NEGLIGENT MISREPRESENTATION

57.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 56 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

58.   Defendant, HARTFORD, had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options.

59.   Defendant, HARTFORD, breached its duty to Plaintiffs by misrepresenting to Plaintiffs as follows:

a.   That the insurance procured was truly one of "replacement."

b.   That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiffs' property.

c.   That the amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their property in the event it was destroyed by a covered

event.

d. That the insurance policy procured would comply with Plaintiffs' reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

60. That as a result of Defendant, HARTFORD'S breach of duty, Defendant, HARTFORD, gained an advantage to the prejudice and detriment of Plaintiffs.

61. Defendant, HARTFORD, misrepresented the nature of the insurance policy procured for Plaintiffs.

62. Defendant, HARTFORD, misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiffs' business property and personal property.

63. Defendant, HARTFORD, misrepresented the policy was one which was in an amount necessary to replace Plaintiffs' property in the event it was destroyed by a covered event.

64. Defendant, HARTFORD's misrepresentations constitute constructive fraud.

65. Plaintiffs were induced to accept and purchase the Defendant, HARTFORD, policy of insurance by Defendant, HARTFORD'S misrepresentations and constructive fraud.

66. Plaintiffs were misled by Defendant, HARTFORD's misrepresentations and constructive fraud.

67. The Defendant, HARTFORD, was an agent and/or an ostensible agent of Defendant, HARTFORD for purposes of these misrepresentations, and as such the

11

Defendant, HARTFORD, is vicariously liable for the conduct of Defendant, HARTFORD.

68. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

69. Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, HARTFORD's misrepresentations.

70. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## NEGLIGENT UNDERWRITING

71. Plaintiffs adopt and incorporate by reference paragraphs 1 through 70 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

72. At the time the insurance policy was sold to Plaintiffs, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiffs' property. As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiffs' property as determined at the time the subject policy was written.

73. Thereafter, Defendants owed a duty to Plaintiffs to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance

12

policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

74. Defendants breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' dwelling and/or personal property.

75. Defendants' breach resulted in both inconsistent and inaccurace replacement cost valuations whereby the Plaintiffs paid premiums for policy limits that did not accurately reflect the risks insured.

76. Defendants further breached their duties by automatically applying Defendant, HARTFORD's annual inflationary adjustments  which were utilized to increase Plaintiffs' policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the dwelling's valuation at the time.

77. The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiffs and other Oklahoma policyholders.

78. Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

79. Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State

13

of Oklahoma.

80.  Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them.  This duty exists to foreseeability of the harm to Plaintiffs which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

81.  Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as Plaintiffs.

82.  Plaintiffs relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

83.  Defendants breached their duties owed to Plaintiffs by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiffs that did not provide appropriate and adequate coverage to Plaintiffs.

84.  As a result of the Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of

Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

85.  The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

86.  Plaintiffs adopt and incorporate by reference paragraphs 1 through 85 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

87.  Plaintiffs brings forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

88.  At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

89.  Defendant has violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiffs were consumers of insurance services or

15

products of Defendant, and Plaintiffs would show that Defendant's violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiffs damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

### EIGHTH CAUSE OF ACTION
### BREACH OF COMMON LAW
### DUTY OF GOOD FAITH AND FAIR DEALING

90.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 89 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

91.   Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

92.   Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

93.   Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

16

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendants, HARTFORD UNDERWRITERS INSURANCE COMPANY, and MARK FUNK, for:

a.   Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject policy of insurance for damage to its dwelling and personal property caused by the May 20, 2013, wind/hail storm, together with interest on all amounts due;

b.   Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c.   Disgorgement of the increased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d.   Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

e.   Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

17

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEYS FOR PLAINTIFFS*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

IN THE DISTRICT COURT OF CHOCTAW COUNTY
STATE OF OKLAHOMA

CARL AND ELANNA SHELTON,                    )
                                            )
        Plaintiffs,                         )
                                            )        Case No. CJ-14-23
versus                                      )
                                            )        **FILED**
HARTFORD UNDERWRITERS INSURANCE             )        IN DISTRICT COURT
COMPANY, and MARK ANDREW FUNK,              )        CHOCTAW COUNTY OK
                                            )
        Defendants.                         )        **OCT 3 1 2014**

                                                     Laura Sumner, Court Clerk

**ALIAS SUMMONS**                                    By _____
                                                                    Deputy

To the above-named Defendant:    Hartford Underwriters Insurance Company
                                 c/o Oklahoma Insurance Department
                                 5 Corporate Plaza
                                 3625 N.W. 56TH Street, Suite 100
                                 Oklahoma City, OK 73112

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to
the attached Petition in the Court at the above address within twenty (20) days after service of this
Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer
must be delivered or mailed to the attorney for the Plaintiff(s).

        Unless you answer the Petition within the time stated, judgment will be rendered against
you with costs of the action.

        ISSUED this 20th day of September, 20 14.

                                        COURT CLERK,


                                        Deputy Court Clerk

(Seal)

Attorneys for Plaintiff(s):

Name:       J. Drew Houghton, OBA #18080
Address:    P.O. Box 890420
            Oklahoma City, OK  73189
Telephone:  (405) 632-6668

Name:       Larry Bache, Esq., FBN: 91304
Address:    Merlin Law Group
            777 S. Harbour Blvd, 9th Floor
            Tampa, FL 33602
Telephone:  (813) 229-1000

Name:       Phillip N. Sanov, Esq., TBN: 17635959
Address:    Merlin Law Group
            Three Riverway, Suite 701
            Houston, Texas 77056
Telephone:  (713) 626-8880

This Summons was served/mailed on ___10/9/14___ _Jack Beal_

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED
WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED
IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT
STATED IN THE SUMMONS.

# PROOF OF SERVICE
## AFFIDAVIT

*Carl & Elanna Shelton*

Case No. *CJ-1423*
County *Choctaw*

vs.

Date Rec. *10-07-14*

Court Date _____

*Hartford Underwriters Ins Co ETAL*

Client *Drew Houghton*

---

I, being duly sworn, certify that I received on *Oct 07*, 20*14* the following documents:

*Alias*

☒ Summons w/Petition
☐ Amended Petition/Complaint
☐ Petition/3rd Party Defendant
☐ Small Claims Affidavit
☐ Forcible Entry & Detainer
☐ Hearing on Assets
☐ Citation for Contempt
☐ Other _____

☐ Injunction
☐ Garnishment
☐ Subpoena Duces Tecum
☐ Deposition Subpoena
☐ Witness Fees
☐ Notice to Take Deposition
☐ Notice of Hearing

☐ Motion to Modify
☐ Motion for Leave/Vacate/Enter
☐ Motion/Summary Judgment
☐ Motion/Deficiency Judgment
☐ Request for Admissions
☐ Request for Production
☐ Order/Affidavit

☐ Interrogations
☐ Brief-Plaintiff's/Defendant's
☐ Journal Entry
☐ Cross/Counter Claim
☐ Lis Pendens
☐ Letter
☐ Temporary Restraining Order

---

**METHOD OF SERVICE:** And served the same according to law in the following manner, to wit:

**PERSONAL SERVICE**

☐ by delivering a true copy of said process personally to _____ at
Date: _____ Time: _____

☐ by delivering a true copy of said process personally to _____ at
Date: _____ Time: _____

**USUAL PLACE OF RESIDENCE**

☐ by leaving a true copy of said process for _____ with
_____ a resident/family member, fifteen years of age or older, at _____
which is his/her usual place of residence.   Date: _____ Time: _____

**CORPORATION/PARTNERSHIP, ETC.**

☒ by delivering a true copy of said process to *Okl Ins. Dept.* he/she/it,
being the service agent, agent in charge, an officer or partner of said entity, to wit: *Hartford underwriters ING*
*Co.* at *5 Corporate Plaza*   Date: *10/8/14*   Time: _____
*SEE NWSE corner OKC OK 73112*

**POSTED SERVICE**

☐ by affixing a true copy of said process to the premises located at _____
which is in the possession of the defendant to wit: _____

**SERVICE BY MAIL**

☐ by mailing a true copy of said process to _____ by certified mail.
restricted delivery, return receipt requested, at _____   Date: _____

**NOT FOUND**

☐ Said process WAS NOT SERVED on the following named for reasons stated: _____

**OTHER INFORMATION**

☐ _____

Subscribed and sworn to before me this
_____ day of _____ 20 ____.

Undersigned declares under penalty of perjury that the foregoing is true and correct.

*Jack Bell 10/8/14*

Notary Public   Commission Exp. _____

(SEAL)

Name of Server                    (date)

License No. **PSS-2012-50**

Fee for service $ *65*
Mileage $ _____ Total $ *65*